STATE OF MAINE                SUPERIOR COURT
CUMBERLAND, ss.                      CRIMINAL ACTION
Docket No. CR-08-867

STATE OF MAINE,

v.                                             DECISION

JESSICA SMITH,

Defendant.

## FINDINGS

1. On February 8, 2008 at 1 a.m. in Portland defendant Jessica Smith was involved in a two-car accident.

2. Officer Charles Frazier investigated and decided to take Ms. Smith to the Portland police station for an intoxilyzer test.

3. At the police station in the intoxilyzer testing room, Ms. Smith was not formally placed under arrest but the State concedes that she was officially in custody.

4. Although Officer Frazier did not mirandize Ms. Smith, he asked her questions, many of them of the small talk variety and some more significant.

5. To encourage Ms. Smith to talk, Officer Frazier told her that because she was in custody and had not been mirandized, anything she said would be inadmissible in court.

6. Ms. Smith flunked the intoxilyzer and Officer Frazier wrote her two summonses; for OUI and failure to yield.

7. Officer Frazier testified that after writing the summons, he told Ms. Smith she was free to leave and then asked her if she really thought she should be driving. The videotape that was recording at the time revealed that Officer Frazier did not tell Ms. Smith that she was free to leave.

A True Copy
Attest Sally A. [signature]
Clerk of Courts

8. Ms. Smith took the intoxilyzer test inside a closed testing season. At the time Officer Frazier asked her the questions that were clearly designed to prompt incriminating answers, Ms. Smith had moved out of the intoxilyzer room and into the lobby of the police station.

## DISCUSSION

The State argues that even though Officer Frazier never told Ms. Smith she was free to leave, Ms. Smith should still have realized she was no longer in official custody. She had been moved to the police station lobby at the time and had just received her summonses.

I disagree. When a defendant inexperienced in the law is told unequivocally that she is in custody, much more than a move from one police station room to another is necessary before a reasonable person would infer that she is no longer in official custody. Writing the summons does not help the State because that would indicate to a reasonable person that he or she is really enmeshed in the system. It is not necessary to speculate whether the statement "you are free to leave," would be enough to lift the custodial mindset because the DVD clearly established that Officer Frazier did not tell Ms. Smith she was free to leave.

An argument could be made that the fact situation here not only constituted a Miranda violation but also amounted to an involuntary statement because Officer Frazier promised Ms. Smith that her statements would be inadmissible. However, Ms. Smith did not raise this argument so the entry by reference will be:

Defendant Jessica Smith's motion to suppress is granted to the extent that all of her statements at the police station on February 8, 2008 will be inadmissible in the State's case-in-chief.

DATED:      September 3, 2008

A True Copy

Attest _Jolly A Bought_

_Clerk of Court_

2

William S. Brodrick
Justice, Superior Court
Active-Retired

True Copy

Attest: *Sally A. Bright*

Clerk of Courts